AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
Apr 01 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| YUE ZI XU | ) | Case No. 3-21-mj-70556 MAG |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 19, 2020__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | possession with intent to distribute MDMA |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i) | possession with intent to distribute ketamine |
| | Maximum penalties:   20 years (Count One) or 10 years (Count Two) of imprisonment; $1,000,000 (Count One) or $500,000 (Count Two) fine; minimum 3 years and maximum of life of supervised release; $100 special assessment fee; forfeiture; denial of federal benefits upon conviction of drug offense |

This criminal complaint is based on these facts:

See attached Affidavit.

☒ Continued on the attached sheet.

/s/
*Complainant's signature*

Kathleen Feehan Millspaugh, FBI Special Agent
*Printed name and title*

Approved as to form __AUSA Molly A. Smolen__

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ (specify reliable electronic means).

Date: __April 1, 2021__

[signature]
*Judge's signature*

City and state: __San Francisco, CA__   Hon. Jacqueline Scott Corley, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR AN ARREST WARRANT

I, Kathleen Feehan Millspaugh, a Special Agent of the Federal Bureau of Investigation, being duly sworn, hereby declare as follows:

## INTRODUCTION

1.  I make this affidavit in support of a criminal complaint charging **Yue Zi XU** ("**XU**") with one count of possession with the intent to distribute MDMA, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of possession with the intent to distribute ketamine, a Schedule III Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(E)(i).

2.  The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents and witnesses. This affidavit does not set forth all of my knowledge about this matter; it is intended to only show that there is sufficient probable cause for the requested warrant.

## AFFIANT BACKGROUND

3.  I am a Special Agent of the Federal Bureau of Investigation and have been so employed since May 2012. I am presently assigned to the San Francisco Office of the FBI, where I investigate criminal violations of federal law with a focus on organized crime. I have received training at the FBI Academy in Quantico, Virginia, including training on criminal procedure, search and seizure, violent crimes, counterterrorism, and organized crime. During the course of my career with the FBI, I have participated in numerous investigations involving counterterrorism, narcotics, and organized crime. I have also received on-the-job training from other experienced Special Agents of the FBI who are recognized experts in the field of violent crime and organized crime investigations. This training has included but has not been limited to investigations, including narcotics investigations, and the execution of search warrants relating to such investigations.

4.  I have been involved in narcotics investigations and have interviewed suspects regarding their drug use and sales and their habits surrounding this activity. I have observed a

variety of subjects, including drug users and dealers, who have discussed their use of dangerous drugs, the effects of the drugs on the body, preparation of various drugs for sale, sales of these drugs, and the useable amounts of various drugs. I am also still in contact with confidential informants with whom I discuss current illegal drug trends and methods of use, sales, and transportation.

5.  I have personally observed the drug trafficking patterns of buyers of controlled substances in areas where controlled substances are used and sold. I have personally observed hand-to-hand narcotics transactions between buyers and sellers. I have handled a variety of controlled substances and have seen how such substances are packaged for both personal use and sales. I have read numerous articles and have seen videos on the use, sales, and manufacture of dangerous drugs.

6.  I am an investigator and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of Federal law, including the Target Offenses.

## APPLICABLE STATUTES

7.  Section 841(a) of Title 21 of the U.S. Code makes it a crime for any person to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

## STATEMENT OF PROBABLE CAUSE

### A.  Background investigation

8.  The FBI is investigating XU for distributing narcotics in San Francisco County and San Mateo County. As part of the investigation, on November 19, 2020, the FBI executed a federal search warrant, signed by the Honorable Sallie Kim, for XU's former residence and vehicle. *See* 3:20-mj-71663 SK. During the execution of the search warrant, FBI Agents seized approximately 12.794 kilograms of ketamine, 9 grams of methamphetamine, 979.1 grams of MDMA, 207 marijuana plants, and $135,298 in cash. Drug Enforcement Administration Laboratory testing completed in January and February 2021 confirmed the types and amounts of

ketamine, methamphetamine, and MDMA.

9. At the execution of the search warrant, hundreds of bottles of ketamine were found in one of the rooms, in which it appeared as though XU had been using a microwave to prepare ketamine, then packaging the ketamine for widescale distribution. Multiple rooms were dedicated to marijuana cultivation. During an interview at the time of the search warrant execution, XU admitted to distributing ketamine and marijuana as her profession but claimed the MDMA was for personal use. Based on my training and experience, the amount of MDMA found, 979.1 grams, is beyond the scope of what a drug user would possess for personal use, and I therefore believe it to be used for drug sales.

10. During the interview, XU confirmed her telephone number for agents and said her source of supply was located in Los Angeles, California. XU said she would remain in contact with law enforcement but had not been in contact with law enforcement since the execution of the search warrant. Since the execution of the search warrant, XU changed the telephone number she used, obtained new a California Licence Plate (CALP) for her vehicle, and moved to a new residence.

11. Based upon cellphone ping location data obtained via a federal search warrant, signed by the Honorable Sallie Kim, for XU's new telephone numbers, and physical surveillance of XU at her new residence, I believe that XU is continuing to distribute drugs and is doing so in a manner designed to evade law enforcement detection.

## REQUEST FOR SEALING

12. I believe that, should the contents of this warrant and affidavit be made public, it would jeopardize this continuing investigation and personnel assigned to, involved in, or cooperating with it. I also know, based upon my training and experience, that if the subject of this investigation or her associates learn that a criminal investigation exists, they would have the opportunity to destroy evidence, notify co-conspirators, flee from prosecution, and/or attempt to locate and harm informants. For the foregoing reasons, and because this is an ongoing investigation, I request that this complaint and the supporting materials be sealed until further

order, and the supporting materials be sealed until further order of the court, except that the Court order the Clerk of the Court to make copies available to representatives of the U.S. Attorney's Office and the Federal Bureau of Investigation for use in this case.

## CONCLUSION

13.    Based on the information above, there is probable cause to believe that Yue Zi XU has violated 21 U.S.C. § 841(a)(1) and (b)(1)(C) by possessing MDMA with the intent to distribute it to another person, and 21 U.S.C. §§ 841(a)(1) and (b)(1)(E)(i), by possessing ketamine with the intent to distribute it to another person. Therefore, I respectfully request that the Court issue a criminal complaint against Yue Zi XU and a warrant for her arrest.

14.    I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

_____/s/_____
Kathleen Millspaugh
Special Agent
Federal Bureau of Investigation

Sworn to me over the telephone and signed by me pursuant to Fed.R.Crim.P 4.1 and 4(d) on this _1st_ day of April 2021.

_____
HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge